UNITED STATES *v.* A. SMITH SON Co. (No. 3550)[1]

United States Court of·Customs and Patent Appeals, October 31, 1932

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, special attorney, of counsel), for the United States.
*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument October 10, 1932, by Mr. Lawrence and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, holding that certain articles, described on the invoice as "Met. brass Ornaments" and consisting of metal pins with glass heads with threaded pointed ends, to which are attached metal guards with glass tips, used to fasten or pin a portion of the brims to the crowns of women's felt hats and also to ornament them, were dutiable as metal pins, with heads of glass, under paragraph 350 of the Tariff Act of 1922, which reads:

PAR. 350. Pins with solid heads, without ornamentation, including hair, safetyl hat, bonnet, and shawl pins; and brass, copper, iron, steel, or other base meta, pins, with heads of glass, paste, or fusible enamel; all the foregoing not plated with gold or silver, and not commonly known as jewelry, 35 per centum ad valorem.

The merchandise in protest 467652–G, the only one before us for consideration, was assessed for duty by the collector at the port of New York as articles composed wholly or in chief value of glass at 55 per centum ad valorem under paragraph 218 of that act, the pertinent parts of which read:

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, * * * ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), * * * or ornamented in any manner, * * * 55 per centum ad valorem; * * *.

In its brief, the Government contends that the involved articles are properly dutiable at 80 per centum ad valorem, as articles valued above 20 cents per dozen pieces, "designed to be worn on apparel or carried on or about or attached to the person," under paragraph 1428 of that act.

At the time of the oral arguments in this court counsel for appellee stated that the imported articles were not valued above 20 cents per dozen pieces and were not, therefore, within the provisions of paragraph 1428. Thereupon, counsel for the parties agreed to subsequently inform the court as to their value.

Thereafter, counsel for the Government, in a written communication to the court, said:

As a result of our inspection of the papers, I wish to advise the court that the contention made on behalf of the United States at the argument of this case on the 10th instant, to the effect that the merchandise in controversy is properly dutiable under paragraph 1428 of the Tariff Act of 1922, is hereby abandoned.

Accordingly, we will limit our consideration to the applicability of paragraphs 218 and 350, *supra.*

The merchandise was classified by the collector as articles in chief value of glass. That they are in chief value of glass has not been denied by appellee and no evidence was offered on that subject.

The record in the case of *National Bead Co.* v. *United States*, Abstract 14932, 59 Treas. Dec. 1518, was introduced in evidence by counsel for the importer over the objection of counsel for the Government. The ruling of the court in this respect is assigned as error by the Government. As we view the issues in the case, this assignment of error becomes unimportant and need not be discussed.

It clearly appears from the record and from the exhibits in the case that the involved articles are pins and are used as such, that is, to fasten or pin a portion of the brims to the crowns of women's felt hats. The metal guards with glass tips are used to hold the pins in place and to ornament them.

It is not contended by counsel for appellee that the involved pins are dutiable under the first part of paragraph 350, which provides for pins with solid heads, without ornamentation. It is contended, however, and the court below held, that they are dutiable under the second part of that paragraph as—

brass, copper, iron, steel, or other base metal pins, with heads of glass, paste, or fusible enamel.

We are unable to concur in this view.

If the metal guards with glass tips are removed, pins with glass heads remain. When the metal guards with glass tips are attached, the pins are something more than pins with *glass heads;* they are pins with glass heads *and glass tips.*

In our opinion, the provisions in question were intended, as the language therein clearly implies, to be limited to base-metal pins with *heads* of glass, paste, or fusible enamel and were not intended to cover articles like those in question.

For the reasons stated the judgment is *reversed.*